**FAMILY FINANCE CO. et, Plaintiff-Appellant, v. CLARKE et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23688.   Decided March 14, 1956.

Max D. Gustin, S. J. Knerly, for plaintiff-appellant.
Morris R. Blane, for defendants-appellees.

## OPINION

Per CURIAM:

No bill of exceptions was filed in this case so that all errors claimed must be demonstrated on the face of the record. The record shows that the plaintiff took its judgment on a warrant of attorney on February 23, 1955. It is further disclosed that after the term in which judgment was taken, that is on September 17, 1955, a special proceeding in aid of execution was instituted (two other such proceedings had been previously started and dismissed) without challenging the judgment or seeking relief under the provisions of Chapter 2325 R. C. The defendant by motion attempted to stop the enforcement of the judgment by seeking dismissal of the proceeding in aid of execution. The claim of the defendant that the debt had been discharged in bankruptcy shows on the face of the record that the judgment in this proceeding was not taken nor was the action filed until after the defendant's discharge in bankruptcy had been entered on May 7, 1954. The Municipal Court was, therefore, without authority to stay or dismiss the aid proceeding until the judgment had been vacated or its operation suspended by a proceeding instituted under the authority of Chapter 2325 R. C. Discharge in bankruptcy is an affirmative defense to a judgment taken against the bankrupt after such bankruptcy proceeding has been concluded. The issue of the legal right of the defendant to a discharge from the debt upon which judgment was taken can then be litigated. There is no such thing as a motion to stay an ancillary proceeding to a judgment taken in a term preceding the filing of such motion without seeking relief against the judgment under Chapter 2325 R. C. This cause is remanded with instructions to reinstate the aid proceeding dismissed by the court and for further proceedings according to law.

Exceptions. Order see journal.

KOVACHY, PJ, SKEEL and HURD, J, concur.